951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jonathan MAXEY, Defendant-Appellant.
 No. 90-50168.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1991.
Decided Dec. 12, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maxey appeals his jury conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He alleges that the prosecutor erred by using one of his peremptory challenges to strike a Hispanic from the jury venire. He also contends that the prosecutor made improper comments during his closing and rebuttal arguments.
 
 
 3
 Whether a party's exercise of a peremptory challenge violates the Equal Protection Clause is a mixed question of fact and law subject to de novo review. United States v. McConney, 728 F.2d 1195, 1203 (9th Cir.) en banc, cert. denied, 469 U.S. 824 (1984). The district court's findings are reviewed under the clearly erroneous standard and are entitled to great deference. Batson v. Kentucky, 476 U.S. 79, 98 n. 21 (1986), ovrl'd on other grounds, Powers v. Ohio, --- U.S. ----, 113 L.Ed.2d 411, 111 S.Ct. 1364 (1991); United States v. Lewis, 837 F.2d 415, 417 (9th Cir.), cert. denied, 488 U.S. 923 (1988).
 
 
 4
 In Batson, the Supreme Court held that a prosecutor's discriminatory peremptory challenge violates a defendant's right to equal protection of the laws because the defendant is entitled "to be tried by a jury chosen pursuant to a racially non-discriminatory criteria." Id. at 85-86.
 
 
 5
 Here, the prosecutor successfully rebutted any possible inferences of discriminatory intent with his explanation for the peremptory challenge. In order to rebut a prima facie case of racial discrimination, the prosecutor's reasons "need not rise to the level justifying an exercise of a challenge for cause." Id. at 97; United States v. Power, 881 F.2d 733, 740 (9th Cir.1989).
 
 
 6
 The government's counsel stated that his reasons for striking the juror, Nevarez, were "primarily" based on his occupation as a teacher's aide, but also in part on his prior jury service. A juror's occupation, has, in fact, been routinely held to constitute a legitimate racially neutral reason for a peremptory challenge. United States v. Thompson, 827 F.2d 1254, 1260 (9th Cir.1987). The government need not give as specific or convincing reason for a peremptory challenge as it must for a challenge for cause. It must, however, give a " 'clear and reasonably specific' explanation of [its] 'legitimate reasons' for exercising the challenges." Batson, at 98 n. 20 (quoting Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 258 (1981)). In light of the great deference we afford the district court on matters of credibility, we hold that there was no Batson error.
 
 
 7
 In closing argument and rebuttal, the government counsel attacked the credibility of Maxey's own testimony. Because no objection was made at trial the government's remarks are reviewed for plain error. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 8
 " 'In closing arguments, both defense attorneys and prosecution attorneys are allowed reasonably wide latitude. They may strike "hard blows" based upon the testimony and its inferences....' " United States v. Birges, 723 F.2d 666, 671-672 (9th Cir.), cert. denied, 466 U.S. 943, and cert. denied, 466 U.S. 863 (1984) (quoting United States v. Gorostiza, 468 F.2d 915, 916 (9th Cir.1972)). An attorney's arguments to the jury will not constitute reversible error "unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge." United States v. Parker, 549 F.2d 1217, 1222 (9th Cir.), cert. denied, 430 U.S. 971 (1977). "It is neither unusual nor improper for a prosecutor to voice doubt about the veracity of a defendant who has taken the stand." Birges, 723 F.2d at 672. The prosecutor in this case was simply attacking the testimony of a witness.
 
 
 9
 Maxey had made several statements which if believed may have persuaded the jury to find him innocent. The prosecutor was within his rights to argue in closing that these assertions were not true.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3